# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2013

No. 11-60611
Summary Calendar

Lyle W. Cayce
Clerk

LUIS JESUS ANTONIO IBANEZ PEREZ; RUTH LUZMILA LLANOS
PAREDES DE IBANEZ; SEBASTIAN IBANEZ LLANOS; XIMENA IBANEZ
LLANOS,

Petitioners

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 370 623
BIA No. A087 370 624
BIA No. A087 370 625
BIA No. A087 370 626

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Petitioners Luis Jesus Antonio Ibanez Perez, Ruth Luzmila Llanos
Paredes De Ibanez, Sebastian Ibanez Llanos, and Ximena Ibanez Llanos, natives
and citizens of Peru, petition for review of the Board of Immigration Appeals's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(BIA) decisions to (1) dismiss the appeal of Immigration Judge's (IJ) order denying Ibanez Perez's application for asylum, withholding of removal, and withholding of removal under the Convention Against Torture (CAT) and (2) deny the motion to reopen. Ibanez Perez included in his application the other petitioners, his wife and two children.

We review the conclusion that an alien is not eligible for asylum, withholding of removal, or relief under the CAT, under the deferential substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). "[R]eversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Id.* (internal quotation marks and citation omitted).

To obtain asylum, the alien must be "outside of his country and . . . unable or unwilling to return because of persecution or a well-founded fear of persecution" and "demonstrate[] that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for the persecution." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citations omitted). "[T]he failure to establish a well-founded fear for asylum eligibility also forecloses eligibility for withholding of removal." *Id.*

Ibanez Perez testified that, after refusing legal representation to a member of the Shining Path (Sendero Luminoso), a communist terrorist group, he received threatening phone calls, a car attempted to run him over, and he and his wife were kidnapped. The BIA determined that Ibanez Perez failed to establish that his political opinion was a central reason for the past persecution he suffered. The attempt to run Ibanez Perez over with a car occurred six years after he refused to represent a Shining Path member. Although a person in the car called him a "dog," Ibanez Perez admitted that this slur could have resulted from his walking in the middle of the street. The kidnapping, which occurred 17 years after Ibanez Perez refused to represent a Shining Path member, was

similar to other kidnappings in the area that were committed by local criminal gangs, and a deceased kidnapper was a member of a criminal gang. This evidence militated against a finding of Shining Path involvement in these incidents. The contrary evidence relied on by Ibanez Perez, such as the Shining Path's long institutional memory and the possibly conflicting motives of the kidnappers, does not compel the conclusion that the Shining Path was involved in either the car or the kidnapping incidents. *See Chen*, 470 F.3d at 1134. The evidence that the Shining Path was involved in the threatening telephone calls was stronger, as the telephone calls occurred shortly after Ibanez Perez refused to represent a Shining Path member. Mere threats, however, do not amount to persecution. *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004).

The BIA also determined that attorneys who refuse to represent Shining Path members do not constitute a particular social group because this group lacks social visibility. We have rejected Ibanez Perez's argument that the BIA erred as a matter of law by requiring that the group be socially visible. *See Orellana-Monson*, 685 F.3d at 521. Ibanez Perez's alternative argument that this group is socially visible is not adequately supported by the administrative record.

"To obtain relief under the [CAT], the alien . . . must show a likelihood of torture upon return to his homeland," *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir. 2006), "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," 8 C.F.R. § 1208.18(a)(1). The evidence relied on by Ibanez Perez does not demonstrate that it is more likely than not that he will be tortured by or with the acquiescence of the Peruvian government. *See Tamara-Gomez*, 447 F.3d at 350. His assertion of actual police involvement in the kidnapping is speculative. Generalized evidence of police corruption is insufficient, given that the government intervened in the kidnapping, police investigated the kidnapping, and police provided some protection after the kidnapping. *See Chen*, 470 F.3d

at 1142-43.  For the foregoing reasons, the decision to deny Ibanez Perez asylum, withholding of removal, and withholding of removal under the CAT is supported by substantial evidence.  *See id.* at 1134.

We review the denial of a motion to reopen for abuse of discretion. *Ogbemudia v. INS*, 988 F.2d 595, 600 (5th Cir. 1993).  "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ."  8 C.F.R. § 1003.2(c)(1). Although Ibanez Perez cites to the location in the administrative record of the new evidence, he does not offer any description of the evidence to corroborate his assertion regarding its materiality, and he does not address at all the BIA's conclusion that some of the evidence was available prior to the merits hearing. Therefore, Ibanez Perez has failed to demonstrate that the BIA abused its discretion by denying his motion to reopen.

The petitions for review are DENIED.